LANCE, Judge,
concurring:
While I fully agree with the opinion in this case, I write separately simply to note that the majority of VA regulations concerning fiduciary appointments are from 1975 and the Secretary may wish to update these regulations to provide better guidance to regional offices and to the Board on review of their decisions. While this case does not present the ideal fact pattern, it is important to note that VA regulations do not cover the situation where a durable power of attorney — one that is statutorily authorized under state law and signed when the veteran is competent — is in place. The regulations also fail to address the circumstance where a court having jurisdiction in the veteran’s domicile has established a conservatorship for the veteran, an incapacitated person. These court proceedings are comprehensive and all interested parties have a right to be represented and heard during the proceedings. Many jurisdictions require an annual accounting by the conservator and may require a bond. It would seem that in the circumstance where such a sophisticated structure is employed and a conservatorship established, it would be unnecessary for VA to use its resources to involve itself in a separate agency action. It should be the welfare of the veteran and conservation of his/her assets that controls, not the source of the veteran’s income or payments. VA benefits may well be a minor portion of an overall estate. In such a case, it seems unnecessarily burdensome to establish a separate “trusteeship” and charge the veteran up to 4% of his/her benefits for a trustee that may not be desired, wanted, or needed.
While the regulations, 38 C.F.R. §§ 13.55 and 13.58, were drafted after the Uniform Probate Code (UPC) was enacted in 1969, they were drafted before the UPC was widely adopted and these regulations have not been amended since they were adopted in 1975. Article V, Part 5, of the UPC concerns durable powers of attorney. The UPC is now widely adopted and many states, if not most, now recognize statutory durable powers of attorney wherein the authority granted survives the incompetence of the grantor. The Durable Power of Attorney Act has also been adopted by most states. Under a durable power of attorney, the grantor (veteran) would have selected his or her attorney-in-fact to act on his or her behalf. That desire should, in my opinion, be given deference in the absence of fraud, proven misfeasance, or malfeasance or the death or incompetence of the attorney-in-fact.
By way of comparison, I would highlight the more sophisticated structure for the appointment of a fiduciary that is in place within the Social Security Administration (SSA). SSA, unlike VA, has an order of preference in selecting a payee, 20 C.F.R. § 404.2021 (2010), and a list of considerations to be taken into account when selecting a payee, 20 C.F.R. § 404.2020 (2010). In its order of preferences, SSA lists the “legal guardian ... who has custody of the beneficiary” as its first preference. 20 C.F.R. § 404.2021(a)(1). Two of the considerations to be taken into account are “[a]ny legal authority the person, *419 agency, organization, or institution has to act on behalf of the beneficiary,” 20 C.F.R. § 404.2020(c), and “[w]hether the potential payee has custody of the beneficiary,” 20 C.F.R. § 404.2020(d). The SSA recognizes legal relationships in its regulations and the more detailed structure that is in place within the SSA regulations helps to ensure that the beneficiary’s best interests are actually served.
Regardless of what the Secretary decides to do, it would benefit the system for VA to explicitly address the relationships that are recognized elsewhere, thereby saving the veteran up to 4% of his or her benefits that is customarily charged by the VA-appointed fiduciary. In general, veterans will be better served if their funds— regardless of the source — are managed by a single individual who can manage them intelligently based upon a real familiarity with the veteran’s situation and needs.